IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLES A. LAFFITEAU PLAINTIFF

vs. Civil No. 5:25-cv-05254

FRANK BISIGNANO DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Charles A. Laffiteau, ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief Judge, referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1. Background:**

Plaintiff filed his disability application on June 1, 2023. (Tr. 23).[1] Plaintiff alleged disability due to Autism, ADHD, adjustment disorder with anxiety and depression, possible agoraphobia, possible sensory processing disorder, sleeping difficulties, peripheral neuropathy

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 9. These references are to the page number of the transcript itself not the ECF page number.

thigh to knee, IBS, misophonia and hyperacusis symptoms. (Tr. 204). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 23).

Plaintiff requested an administrative hearing on his denied application, and this hearing request was granted. (Tr. 94-160). A hearing was held on September 24, 2024. (Tr. 39-56). At this hearing, Plaintiff was present and represented by counsel, Conrad Odom. *Id.* Plaintiff and Vocational Expert, ("VE") Christy Wilson testified at this hearing. *Id.*

On November 20, 2024, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's disability application. (Tr. 23-33). In this decision, the ALJ determined the Plaintiff last met the insured status requirements of the Act on December 31, 2019. (Tr. 25, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from his alleged onset date of December 5, 2014, through his date last insured of December 31, 2019. (Tr. 25, Finding 2).

The ALJ determined that through the date last insured, Plaintiff had the medically determinable impairments of anxiety; a non-displaced fracture of the left medial femoral condyle; a small, non-displaced tear through the peripheral third of the posterior horn of the left medial meniscus; and degenerative disc disease. (Tr. 25, Finding 3). The ALJ then determined that through the date last insured, the Plaintiff did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months, and therefore he did not have a severe impairment or combination of impairments. (Tr. 26, Finding 4). Based upon this finding the ALJ then determined Plaintiff had not been disabled at any time from December 5, 2014, through December 31, 2019. (Tr. 33, Finding 5).

On December 5, 2025, Plaintiff filed a Complaint in this case. ECF No. 2. Both Parties have filed appeal briefs. ECF Nos. 13, 14. Plaintiff also filed a reply brief. ECF No. 15. This matter is now ripe for consideration.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**3. <u>Discussion:</u>**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 13. Specifically, Plaintiff raises the following arguments for reversal: (1) the ALJ erred at Step 2 by finding no severe impairments and (2) the Appeals Council erred in failing to consider new material evidence. *Id.* Upon review, the Court finds the Appeals Council erred in failing to consider new material evidence. Accordingly, the Court will only address this issue for reversal.

The Appeals Council must review the ALJ's decision if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and

there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). "Whether [additional evidence submitted to the Appeals Council] is new, material and related to the relevant period is a question of law reviewed *de novo*." *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995).

The Appeals Council did not consider Plaintiff's additional evidence because it determined the additional evidence was not related to the period at issue. (Tr. 2). The Court disagrees. The additional evidence consisted of medical records from WR Family Clinic Fayetteville dated January 16, 2025 (Tr. 16-18), and letters from Dr. Tyler Brockman dated January 14, 2025 (Tr. 19), Ananda Rosa, MSW, LCSW dated January 20, 2025 (Tr. 13-15), and Yolanda Nally, LCSW dated January 28, 2025 (Tr. 7-8). These records describe events and clinical findings which include observations of Plaintiff's functioning and clinical observations related to the alleged onset date and a treating relationship that began in 2017.

Evidence is new when it is "more than merely cumulative of other evidence in the record" and material when it is "relevant to [the] claimant's condition for the time period for which benefits were denied." *Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000). The exact timing of the additional evidence "is not dispositive of whether evidence is material." *Williams v. Sullivan*, 905 F.2d 214, 216 (8th Cir. 1990). These records at issue are new, material, and relate to the period on or before the ALJ's decision date. As such, it was error for the Appeals Council to decline to consider these opinions.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 31st day of July 2026.**

/s/ Spencer G. Singleton
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE